IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

| | |
|---|---|
| MARK ANTHONY REYNOLDS, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action Nos. 5:08-0340 |
| STAT AMBULANCE SERVICE, | ) |
| Defendant. | ) |

**PROPOSED FINDINGS AND RECOMMENDATION**

On May 23, 2008, Plaintiff, proceeding *pro se*,[1] filed his "Civil Complaint pursuant to 18 U.S.C. § 2520." (Document No. 1, p.) Plaintiff names Stat Ambulance Service as the Defendant. (Id.) Plaintiff alleges that Defendant "knowingly and intentionally intercepted incoming and outgoing calls made to and from plaintiff to Bill Buzzo from the offices of Stat Ambulance Service in violation of Title III of the Omnibus Crime Control and Safe Streets Act of 1968, 18 U.S.C. §§ 2520-22." (Id., p. 3.) As relief, Plaintiff requests monetary damages. (Id., pp. 3 - 4.)

On May 21, 2009, Plaintiff filed a Motion for Entry of Default Judgment. (Document No. 4.) Also on May 21, 2009, Defendant filed a Notice of Bankruptcy advising the Court that Defendant had filed for Chapter 11 bankruptcy protection in the United States Bankruptcy Court for the Southern District of West Virginia on January 25, 2007. (Document No. 6.) By Order entered on June 4, 2009, the United States District Judge Thomas E. Johnston stayed all proceedings pending resolution of Defendant's bankruptcy proceedings. (Document No. 9.) By letter dated August 17,

---

[1] Because Plaintiff is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

2011, United States District Judge Irene C. Berger directed the parties "to the Court a written document which reflects the current status of the case." (Document No. 13.) Both parties filed a Response indicating that the bankruptcy proceedings were ongoing. (Document Nos. 14 and 15.) By Order entered on April 10, 2013, the undersigned directed "Plaintiff and defense counsel file a written document setting forth the status of Defendant's bankruptcy proceedings, whether Plaintiff was a named creditor in the bankruptcy proceedings, whether the alleged contingent debt was discharged during bankruptcy proceedings, and whether the instant case should be reinstated to the active docket of the Court." (Document No. 16.) Neither party filed a Response to the Court's Order.

## ANALYSIS

**1.  Motion for Default Judgment:**

Plaintiff requests that the District Court enter default judgment pursuant to Rule 55(a) of the Federal Rules of Civil Procedure because "Defendant has failed to plead or otherwise defend the claims or dispute the sum certain amount that Plaintiff has demanded." (Document No. 4.) Rule 55(a) of the Federal Rules of Civil Procedure permits the entry of default judgment "[w]hen a party against whom affirmative relief is sought has failed to plead or otherwise defend as provided by these rules . . . ." After reviewing all of the pleading and filings in this case, the undersigned finds that Defendant did not default by failing to respond to Plaintiff's Complaint. The record reflects that at the time Plaintiff filed his Motion for Default Judgment, Defendant had not been served with process and was not required to respond to Plaintiff's Complaint. Accordingly, the undersigned recommends that Plaintiff's Motion for Default Judgment (Document No. 4.) be denied.

**2.  Failure to Prosecute:**

Pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and Rule 41.1 of the Local Rules of Civil Procedure for the Southern District of West Virginia, District Courts possess the

inherent power to dismiss an action for a *pro se* Plaintiff's failure to prosecute *sua sponte*.[2] See Link v. Wabash Railroad Co., 370 U.S. 626, 629, 82 S.Ct. 1386, 1388, 8 L.Ed.2d 734 (1962).

Rule 41.1 of the Local Rules provides:

> **Dismissal of Actions**. When it appears in any pending civil action that the principal issues have been adjudicated or have become moot, or that the parties have shown no interest in further prosecution, the judicial officer may give notice to all counsel and unrepresented parties that the action will be dismissed 30 days after the date of the notice unless good cause for its retention on the docket is shown. In the absence of good cause shown within that period of time, the judicial officer may dismiss the action. The clerk shall transmit a copy of any order of dismissal to all counsel and unrepresented parties. This rule does not modify or affect provisions for dismissal of actions under FR Civ P 41 or any other authority.

Although the propriety of a dismissal "depends on the particular circumstances of the case," in determining whether to dismiss a case involuntarily for want of prosecution, the District Court should consider the following four factors:

> (i) the degree of personal responsibility of the plaintiff;
> (ii) the amount of prejudice caused the defendant,
> (iii) the existence of a history of deliberately proceeding in a dilatory fashion, and
> (iv) the existence of a sanction less drastic than dismissal.

Ballard v. Carlson, 882 F.2d 93, 95 (4th Cir. 1989). In consideration of the first factor, the Court finds that the delays in this case are mostly attributable to Plaintiff. Although Defendant filed a "Notice of Bankruptcy," the record reveals that Defendant has not been served with process and required to make an appearance in this action. Furthermore, Plaintiff has failed to respond to the undersigned's

---

[2] Rule 41(b) of the Federal Rules of Civil Procedure provides:

> **(b) Involuntary Dismissal: Effect**. If the plaintiff fails to prosecute or to comply with these rules or any order of court, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule - - except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 - - operates as an adjudication on the merits.

Order directing the parties to advise the Court as to whether the case should be reinstated to the active docket. Although Defendant also failed to respond to the above Order, Plaintiff initiated the above action and it is his responsibility to timely prosecute it. Plaintiff, therefore, is main cause of the delays in this action. With respect to the second and third factors, the record is void of further evidence indicating that Plaintiff has a history of "deliberately proceeding in a dilatory fashion" or that the Defendant has been prejudiced by the delays in this case.

In consideration of the fourth factor, the Court acknowledges that a dismissal under either Rule 41(b) or Local Rule 41.1 is a severe sanction against Plaintiff that should not be invoked lightly. The particular circumstances of this case, however, do not warrant a lesser sanction. An assessment of fines, costs, or damages against Plaintiff would be improper or futile in view of Plaintiff's failure to either pay the required filing fee or file an Application to Proceed *In Forma Pauperis*. Moreover, explicit warnings of dismissal would be ineffective in view of Plaintiff's failure to respond to the undersigned's Order entered more than a year ago directing him to provide the Court with a status update (Document No. 16.).[3] In consideration of all factors, the undersigned concludes that dismissal for failure to prosecute is warranted. Accordingly, the undersigned recommends that this action be dismissed without prejudice unless Plaintiff is able to show good cause for his failure to prosecute.[4]

## PROPOSAL AND RECOMMENDATION

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court

---

[3] The undersigned notes there has been no status update from Plaintiff since September 1, 2011. (Document No. 14.)

[4] The Bureau of Prisons' Inmate Locator indicates that Plaintiff was released from custody on December 26, 2012. The undersigned notes that it is Plaintiff's responsibility to provide the Court with a notice of change of address. *See* Rule 83.5 of the Local Rules of Civil Procedure("A *pro se* party must advise the clerk promptly of any changes in name, address, and telephone number.")

confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **REINSTATE** the above matter to the active docket of the Court, **DENY** Plaintiff's Motion for Entry of Default Judgment (Document No. 4.), **DISMISS** Plaintiff's Complaint (Document No. 1.) and remove this matter from the Court's docket.

The Plaintiff is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Irene C. Berger. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the Plaintiff shall have seventeen (17) days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of this Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, District Judge Berger and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Plaintiff, who is acting *pro se*, and transmit a copy to counsel of record.

Date: July 2, 2014.

R. Clarke VanDervort
United States Magistrate Judge